UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORINNA M. BURRELL,

        Plaintiff,                    Civil Case No. 14-14529
                                                   Honorable Linda V. Parker

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S FEBRUARY 29, 2016 REPORT AND RECOMMENDATION (ECF NO. 21); (2) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (4) REMANDING FOR FURTHER PROCEEDINGS</u>**

On December 1, 2014, Plaintiff filed this lawsuit challenging the Commissioner of Social Security's ("Commissioner's") final decision denying Plaintiff's application for disability and disability insurance benefits under the Social Security Act. On December 2, 2014, this Court referred the matter to Magistrate Judge Michael J. Hluchaniuk for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. §636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) The parties subsequently filed cross-motions for summary judgment. (ECF No. 15, 17.) On

January 6, 2016, the matter was reassigned for all pretrial proceedings to Magistrate Judge Stephanie Dawkins Davis. On February 29, 2016, Magistrate Judge Davis issued her R&R recommending that this Court grant Plaintiff's motion, deny the Commissioner's motion, and remand the matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (ECF No. 21.)

In her R&R, Magistrate Judge Davis concludes that the Administrate Law Judge erred in evaluating the opinion of Plaintiff's treating physician, David Calton, M.D. (ECF No. 21 at 2124-26.) Specifically, the magistrate judge concludes "the the ALJ failed to give the requisite 'good reasons' when he discounted the RFC assessment of . . . Dr. Calton." (*Id.* at 2124-25.) Magistrate Judge Davis therefore concludes that the matter must be remanded to the Commissioner. (*Id.* at 2126.) The magistrate judge rejects Plaintiff's other claims of error, specifically that the ALJ's Step 3 analysis is flawed and that the ALJ erred when he failed to incorporate Plaintiff's mild limitations in concentration, persistence, or pace into his Residual Functional Capacity assessment. (*Id.* at Pg ID 2113-21.)

At the conclusion of the R&R, Magistrate Judge Davis advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. (*Id.* at Pg ID 2127.) She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to

appeal." (*Id.*, citing *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).)  Neither party filed objections to the R&R.

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Davis.  The Court therefore adopts Magistrate Judge Davis's February 29, 2016 R&R.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for summary judgment is **GRANTED IN PART**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the R&R.

                                                        s/ Linda V. Parker
                                                        LINDA V. PARKER
                                                        U.S. DISTRICT JUDGE

Dated: March 23, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 23, 2016, by electronic and/or U.S. First Class mail.

                                                        s/ Richard Loury
                                                        Case Manager